IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL ROBERT RANDOLPH,  :
                                                  :
       Petitioner                 :
                                                  :
       v.                          :       CIVIL NO. 4:CV-15-2041
                                                  :
BRENDA L. TRITT,               :       (Judge Brann)
                                                  :
       Respondent             :

**MEMORANDUM**

October 27, 2015

**Background**

Nathaniel Robert Randolph, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Frackville Superintendent Brenda L. Tritt. Accompanying the Petition is an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

According to an exhibit attached to the Petition, Randolph is presently serving a criminal sentence which was imposed by the Court of Common Pleas of

Philadelphia County, Pennsylvania on August 15, 2012 . See Doc. 1, p. 16. Petitioner's pending action generally maintains that he is "being illegally detained based solely on a void judgement which has absolutely no force or effect where a court lacked subject matter jurisdiction." Id. p. 9, ¶ 23.

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of his detention resulting from a sentence which was imposed by the Court of Common Pleas of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the United States District Court for the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to the Eastern District of Pennsylvania. An appropriate Order will enter.

                BY THE COURT:

                s/ Matthew W. Brann  
                Matthew W. Brann  
                United States District Judge